**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ELMER V. POWELL, *et al.*,** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:18-CV-415 (MTT)** |
| ) | |
| **JERRY SHEFFIELD, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

Defendants Jerry Sheffield, Kimberly Sheffield, and Premier Construction, LLC have moved to strike Plaintiffs Elmer and Carol Powell's expert witnesses and have moved for summary judgment. Docs. 18; 19. The Powells have also moved for partial summary judgment. Doc. 21. The Court held a hearing on the motions. Doc. 31. For the following reasons, the motion to strike (Doc. 18) is **GRANTED in part** and **DENIED in part**; the Defendants' motion for summary judgment (Doc. 19) is **DENIED**; and the Powells' motion for partial summary judgment (Doc. 21) is **DENIED**.

## I. BACKGROUND[1]

After soliciting bids from multiple construction companies, the Powells hired Jerry Sheffield's company, Premier, to build a home according to "Plan 2091 Lattessa Divita" ("the Plan"). Docs. 1-4 at 1; 20-3 at 3. Before entering into a contract, the Powells met with Jerry and his wife, Kim Sheffield,[2] to go over the Plan, including

---

[1] Unless stated otherwise, the facts are undisputed and are viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

[2] Kim Sheffield was terminated as a party in this case pursuant to the Powells' motion. Doc. 25.

deviations, and the budget.  Docs. 20-3 at 2; 21-2 at 29:13−23.  Premier then offered to build the Powells' home for "approximately $110,000 less" than the other bids; the Powells accepted that offer.  Doc. 21-2 at 30:13−25, 33:22−25.

The parties entered into a contract drafted by Kim who had written in "special stipulations" that the Powells wanted, which deviated from the Plan.  Docs. 1-4; 21-2 at 8:13, 14:13−20, 16:11−14, 34:6−35:20.  The contract specified that the Plan was to be followed and that any other changes must be made in writing.  Docs. 1-4 at 1; 21-2 at 37:14−23.  However, many changes were orally made by both parties throughout the course of construction with the other party's consent.  Doc. 21-2 at 35:21−37:20.

The Powells accepted the house at its completion.  *Id.* at 36:12−14.  They then began noticing several deviations from the Plan, and on April 19, 2018, the Powells sent a letter to the Sheffields and Premier demanding payment of $98,772.15.  Docs. 20-5 at 17−19; 20-7.  The Powells filed suit against the Sheffields and Premier and attached a report from engineer Michael Clark and a repair estimate from contractor Stephen Martin.  Docs. 1; 1-4; 1-5; 1-8.  The breach-of-contract claim against Premier, the negligent construction claims against Jerry and Premier, and the claim for attorney's fees against Jerry and Premier remain.

## II.  MOTION TO STRIKE

The Defendants contend that the Powells' expert disclosures were untimely submitted, fail to meet the requirements of Federal Rule of Civil Procedure 26, and

should thus be stricken.  Doc. 18.  For the following reasons, that motion, as it pertains to Clark and Martin, is **GRANTED in part** and **DENIED in part**.[3]

### A.  Standard

"A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice," and prejudice against the moving party is an important part of the analysis.  *Stephens v. Trust for Public Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (citation omitted).  "Moreover, motions to strike are rarely granted absent a showing of prejudice."  *Sevex N. Am., Inc. v. Ragland*, 2007 WL 9702302, at *3 (N.D. Ga. March 16, 2007) (citation omitted).

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 26 requires disclosures to occur "at the times and in the sequence that the court orders," which must be "at least 90 days before the date set for trial or for the case to be ready for trial."  *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 811 (11th Cir.

---

[3] At the hearing, the Powells stated that they no longer plan to have any experts other than Clark and Martin testify at trial.  Accordingly, the Defendants' motion to strike experts David Wiggins, Eric Harmon, and David Lengel (Doc. 18) is **DENIED as moot**.

2017) (citing FED. R. CIV. P. 26(a)(2)(B)).  These reports must include "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i).  The purpose of these requirements is to provide parties with the opportunity to prepare effective cross examination and arrange for rebuttal testimony.  *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."  *Mitchell v. Ford Motor Co.,* 318 Fed. App'x 821, 824 (11th Cir. 2009) (quotation marks and citation omitted).  In determining whether a failure to sufficiently disclose an expert witness is substantially justified or harmless, courts should consider (1) the importance of the testimony; (2) the reasons for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify.  *Cooley v. Great S. Wood Preserving,* 138 Fed. App'x 149, 161 (11th Cir. 2005) (citing *Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1353 (11th Cir. 2004)).

### B. Timeliness

The Defendants first argue that the experts should be excluded because they were not timely disclosed.  Doc. 18.  The scheduling order set May 2, 2019 as the deadline for the Powells to submit their expert disclosures.  Doc. 9.  The Powells did not submit their expert disclosures until May 29.  Doc. 18-1 at 3.

The Defendants state that the untimely disclosures have "prejudiced Defendants' ability to identify rebuttal expert witnesses."  Doc. 18 at 8.  The Court disagrees.  First, while the Powells' disclosures were late, the Defendants had 30 days to identify rebuttal

witnesses and were thus not prejudiced by the late disclosure.[4] Fᴇᴅ. R. Cɪᴠ. P. 26(a)(2)(D)(ii).  Nor did the Defendants timely complain about the late disclosure.[5] Indeed, on June 5, the Defendants' counsel submitted a joint discovery status report stating that "there are no discovery issues that the Court needs to address at this time." Doc. 11.  Instead, the report stated that the parties "are currently working together to coordinate and schedule depositions of the *parties*," not the experts.  *Id.* (emphasis added).  The record shows that Jerry was deposed on July 15, but the Defendants did not depose any of the Powells' experts.  Doc. 21-2 at 1.  Finally, the reports of Clark and Martin, who, as discussed below, are the only experts still at issue, were attached to the complaint.  Docs. 1-5; 1-6.  Clearly, the Defendants were not prejudiced and, in any event, they had sufficient time to cure any surprise or harm from the tardy disclosure. *See Long v. E. Coast Waffles, Inc.*, 762 Fed. App'x 869, 871 (11th Cir. 2019). Accordingly, the Defendants' motion to strike based on untimely disclosure of experts, alone (Doc. 18), is **DENIED**.

### C.  Basis and Reasons for Opinions

Next, the Defendants argue the disclosures did not include "a complete statement of all opinions the witness[es] will express and the basis and reasons for

---

[4] The Defendants argue they only had until June 3 to identify their rebuttal expert witnesses.  Doc. 18 at 8.  As stated by the Powells, the Defendants are confusing their deadline for identifying their rebuttal witnesses with their deadline for identifying their expert witnesses.  Doc. 20 at 4.

[5] The Defendants should have first tried to remedy their dispute with the Powells.  *Towns v. Walmart Stores E., LP*, 2017 WL 2541412, at *2 (M.D. Ga. 2017).  If that proved futile, the scheduling order required the Defendants to contact the Courtroom Deputy.  Doc. 9 ("Before moving for an order relating to discovery . . . the movant must contact [the Courtroom Deputy] to request a telephone conference with the Court.").

them" in accordance with Federal Rule of Civil Procedure 26.  Doc. 18-1.  Rule

26(a)(2)(B) requires witnesses

> who [are] retained or specially employed to provide *expert*
> testimony in the case or whose duties as an employee of the
> party regularly involve giving expert testimony to provide a
> written report.  Notice of the expert witness[es'] name[s] is not
> enough.   Each witness must provide a written report
> containing "a complete statement of all opinions to be
> expressed and the basis and reasons therefor," as well as
> information about the data considered, the witness[es']
> qualifications, the compensation earned, and any other recent
> cases in which he or she offered testimony.

*Prieto v. Malgor*, 361 F.3d 1313, 1317−18 (11th Cir. 2004) (citing FED. R. CIV. P.

26(a)(2)(B)) (emphasis added).  For experts not retained to provide expert testimony,

Rule 26(a)(2)(C) applies, and the disclosure merely "must state: (i) the subject matter on

which the witness is expected to present evidence under Federal Rule of Evidence 702,

703, or 705; and (ii) a summary of the facts and opinions to which the witness is

expected to testify."

### 1.  Michael Clark

The Powells disclosed Michael Clark as an expert "RETAINED OR SPECIALLY

EMPLOYED TO PROVIDE EXPERT TESTIMONY" who would testify as to the

structural analysis of the roofing beams.  Doc. 18-1 at 4, 10, 16.  Because Clark is

"specially employed to provide expert testimony," Rule 26(a)(2)(B) applies.  Thus,

Clark's report must contain a complete statement of all opinions to be expressed and

the basis and reasons therefore, as well as information about the data considered, the

witnesses' qualifications, the compensation earned, and any other recent cases in

which he offered testimony.  As stated at the hearing, Clark's report, though spare,

meets those requirements.  Doc. 18-1 at 8−19.  Reasonably read, Clark's report makes

clear that he intends to opine on specific matters related to the roof, and only the roof. Accordingly, the Defendant' motion to strike Clark as an expert witness (Doc. 18) is **DENIED**.

### 2. Stephen Martin

The Powells listed Martin under the category "WITNESSES *NOT* RETAINED OR SPECIALLY EMPLOYED TO PROVIDE EXPERT TESTIMONY[.]"  Docs. 1-6; 18-1 at 5 (emphasis added).  Martin is a contractor who the Powells have consulted about repairs to their house.  *See* Doc. 31.  Because he was not retained to give expert testimony but rather is a contractor who worked or planned to work on the house, he was properly identified as a Rule 26(a)(2)(C) expert and may express opinions within the scope of his role as a contractor conducting repairs.

In the Powells' expert disclosure, the Powells described Martin and his testimony as

> a licensed general contractor who has personal knowledge of the condition of the subject home and property and who will testify as to [1] the industry standard of care, [2] construction defects and [3] the cost to correct.  Specifically, Mr. Martin is expected to testify about Defendants' deviations from the house plans and the cost of correction.

Doc. 18-1 at 5.  As discussed at the hearing, opinions 2 and 3 fall within the scope of Martin's work or contemplated work for the Powells.  Doc. 31.  For those opinions, Martin, like the treating physician example in the Advisory Committee notes to Rule 26, is a fact witness whose testimony likely will involve expressing expert opinions. Presumably he will testify that, as a contractor, he believes certain repairs were necessary and he will state the cost of those repairs.  That is permissible.  But opinion 1, which apparently is meant to describe an opinion that someone breached the

relevant standard of care,[6] goes beyond his role as the Powells' repair contractor. Stating that opinion is akin to a treating physician, in addition to testifying about her diagnosis and treatment, proceeding to testify that the condition or injury she treated was caused by an act or omission that is the subject of litigation. For such an opinion, a detailed Rule 26(a)(2)(B) report is required. Clearly, opinion 1 as stated is an insufficient disclosure. Indeed, the description of opinion 1 doesn't even meet the far less rigorous standard of Rule 26(a)(2)(C). Simply stating that Martin will testify about the "industry standard of care" discloses nothing. He doesn't say what the standard of care is, who breached it, and in what way the standard of care was breached. Clearly, there has not been a sufficient disclosure made that would allow Martin to testify about "the industry standard of care," much less that someone breached a standard of care.[7] Accordingly, the Defendants' motion to strike Martin's testimony (Doc. 18) is **GRANTED in part** and **DENIED in part**, and Martin may testify at trial as to the deviations from the Plan and the cost of corrections in support of the Powells' contract claim but may not testify as to the industry standard of care for the negligent construction claims against Jerry and Premier.

---

[6] According to Georgia law, only experts may testify as to the standard of care in a negligent construction case. *Newberry v. D.R. Horton, Inc.*, 215 Ga. App. 858, 858, 452 S.E.2d 560, 561 (1994) (citations omitted). Federal courts follow state law on this issue. *Ins. Co. of the W. v. Island Dream Homes, Inc.*, 679 F.3d 1295, 1298 (11th Cir. 2012) (requiring plaintiff to present evidence on the standard of care in the roofing industry either by expert testimony or by presenting testimony of roofing custom as required by Florida law); *KMC Acquisition Corp. v. Escoe Ind. Mech., Inc.*, 2018 WL 1528210, at *5 (M.D. Ga. 2018) ("To prove negligence in professional liability cases, expert testimony is generally needed to establish the appropriate professional standards since contractors are required to 'exercise that degree of care and skill ordinarily employed by other contractors under similar conditions and like circumstances.'" (quoting *Bilt Rite of Augusta, Inc. v. Gardner*, 221 Ga. App. 817, 818, 472 S.E.2d 709, 710 (1996) (citations omitted))).

[7] Furthermore, the Powells have offered no justification for their failure to submit a proper expert report as required by Rule 37, and the Defendants are prejudiced by their inability to investigate Martin's qualifications and background when no information has been provided as required by Rule 26(a)(2)(B).

## III. MOTION FOR SUMMARY JUDGMENT

The Defendants have moved for summary judgment on the Powells' breach-of-contract claims,[8] negligent construction claims, and claims for attorney's fees. Doc. 19-3. The Powells responded in opposition,[9] and the Defendants did not reply. Doc. 21.

### A. Standard

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (emphasis in original) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)). The moving party "simply may show . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1438 (internal quotation marks and citation omitted). "Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224−25 (11th Cir. 2002) (citing *Celotex Corp.*, 477 U.S. at 324).

---

[8] As stated at the hearing, in light of the Court's order granting the Powells' motion for voluntary dismissal of their breach-of-contract claims against the Sheffields (Doc. 25), the motion for summary judgment on the breach-of-contract claims against the Sheffields (Doc. 19) is **DENIED as moot**. Doc. 31.

[9] Dispositive motions were due August 30, 2019, and the Powells filed their motion for partial summary judgment on September 19—in conjunction with their response to the Defendants' motion—without moving to extend the deadline. Docs. 9; 21. Accordingly, the Court is not required to consider it, and the Powells' motion for partial summary judgment (Doc. 21) is **DENIED**.

Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In determining whether a genuine dispute of material fact exists, the Court must avoid weighing conflicting evidence or making credibility determinations. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A material fact is any fact relevant or necessary to the outcome of the suit, and a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## B. Negligent Construction Claim Against Jerry and Premier

Jerry[10] and Premier have moved for summary judgment on the negligent construction claim because, assuming the Court granted the motion to strike, the Powells will not have experts to testify as to the standard of care.

> [Georgia] law requires building contractors to exercise that degree of care and skill as is ordinarily employed by other contractors under similar conditions and like circumstances. Further, *the standard of care must be established through expert testimony*.

*Rentz v. Brown*, 219 Ga. App. 187, 188, 464 S.E.2d 617, 619 (1995) (quotation marks and citations omitted) (emphasis added). However, Clark was properly disclosed,

---

[10] "[A]n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable for the tort." *Rentz v. Brown*, 219 Ga. App. 187, 188, 464 S.E.2d 617, 618 (1995) (citation omitted).

although the Powells may only use Clark to testify as to their roof claim.[11]    Accordingly,

the Defendants' motion for summary judgment on the Powells' negligent construction

claims (Doc. 19) is **DENIED**.

### C. Breach-of-Contract Claim against Premier

Premier contends that the Powells cannot prevail on their breach-of-contract

claim because, assuming that the motion to strike is granted, the Powells do not have

experts to testify on the breach.  Doc. 19-3 at 5−6; *see* Doc. 1 ¶¶ 60, 67 ("Premier

Construction owed a duty to Plaintiffs to complete the construction of the improvements

to the Property in a *fit and workmanlike manner* . . . [and] . . . fail[ed] to complete the

construction of the improvements to the Property in accordance with the Contract."

(emphasis added)).  However, a breach-of-contract claim does not necessarily require

expert testimony.  *Compare Hall v. Harris*, 239 Ga. App. 812, 817, 521 S.E.2d 638, 643

(1999) (holding that in every construction contract is the implied duty to perform in a fit

and workman like manner), *with Hudgins v. Bacon*, 171 Ga. App. 856, 861, 321 S.E.2d

359, 365 (1984) (holding that a breach of an *express* contractual duty to perform in a fit

and workmanlike manner in a construction contract requires the same proof for a

negligent construction claim).  Here, it appears the Powells' primary complaint is that

construction specifications required by the contract were not met.  Assuming they have

evidence of this, no standard-of-care expert is necessarily required.  But if the Powells

raise issues requiring expert testimony, Premier can object.  Accordingly, Premier's

---

[11] The Court notes that Clark opines only on construction of the roof.  Martin, who will not offer expert testimony regarding the standard of care, appears to opine only on the cost of repairs necessary for deviations from the Plan.  In other words, it does not appear that the Powells have identified a witness who will quantify the damages resulting from the alleged negligent construction, as opposed to damages resulting from the alleged breach of the contract by Premier.

motion for summary judgment on the Powells' breach-of-contract claim (Doc. 19) is **DENIED**.

### D. Attorney's Fees and Costs

The Defendants contend the Powells cannot prevail on their claim for attorney's fees because they cannot prevail on their other claims.  Doc. 19-2 at 7−8.  Plaintiffs must succeed on their claims to seek an award of attorney's fees and costs.  *Gardner v. Kinney*, 230 Ga. App. 771, 771, 498 S.E.2d 312, 313 (1998) (citing O.C.G.A. § 13-6-11). At this point, the Court cannot conclude as a matter of law that the Powells cannot prevail at trial, the Defendants' motion for summary judgment on the Powells' claim for attorney's fees (Doc. 19) is **DENIED**.

## IV.  CONCLUSION

For the reasons stated at the hearing and in this Order, the Defendants' motion to strike (Doc. 18) is **GRANTED in part** and **DENIED in part**.  Specifically, the Defendant's motion regarding Clark is **DENIED**; the motion regarding Martin is **GRANTED in part** and **DENIED in part** in that Martin may testify as to the deviations and costs to repair, but he may not testify as to the standard of care for the negligent construction claim; and the motion regarding the remaining experts is **DENIED as moot**.  The Defendants' motion for summary judgment (Doc. 19) is **DENIED**, and the Powells' motion for partial summary judgment (Doc. 21) is **DENIED**.  The following claims may proceed: (1) the negligent construction claims against Jerry and Premier; (2) the breach-of-contract claim against Premier; and (3) the claim for attorney's fees against Jerry and Premier.[12]

---

[12] As discussed at the hearing, the parties agree that Premier is "defunct," and it appears there will be no effort to defend Premier.  Doc. 31.  If there is, Premier must retain counsel.  *Palazzo v. Gulf Oil Corp.*, 764

**SO ORDERED**, this 28th day of January, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

F.2d 1381, 1385 (11th Cir. 1985) (holding that a corporation cannot appear *pro se* in litigation, even where the individual seeking to represent the corporation is an officer or major stockholder, and must be represented by counsel because it is an artificial entity only able to act through its agents).  If it does not, default judgment may be entered against it.  As a practical matter, it seems the only claim that may go to trial is the narrow negligent construction claim against Jerry and possibly the attorney's fees claim against Jerry.  But, as discussed, it does not appear the Powells have evidence of any damages arising from the alleged negligent construction identified by Clark.