IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELMER V. POWELL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-415 (MTT) |
| | ) |
| JERRY SHEFFIELD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Jerry Sheffield has moved the Court to reconsider its Order denying Sheffield's motion to dismiss (Doc. 49). Doc. 50. Sheffield argues that the plaintiffs' action should be dismissed because they failed to hire new attorneys or otherwise prepare for trial.[1] *Id*. In its Order denying the motion to dismiss, the Court stated that Sheffield did not raise any proper reasons for dismissal and the time for dispositive motions was past. Doc. 49. Similarly, Sheffield has not raised any proper reasons for the Court to reconsider its Order denying Sheffield's motion to dismiss.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation

---

[1] The Court has only recently requested pretrial submissions. Doc. 48. Ironically, the Court has received those submissions only from the plaintiffs. It is also worth noting that *Sheffield* moved for a six-month continuance in June 2020, the same period that he accuses the *plaintiffs* of delaying the case. Doc. 38.

omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Here, Sheffield has raised no change in the law, newly discovered evidence, or clear error in the Court's previous order.  Rather, he has restated his meritless arguments.  Accordingly, Sheffield's Motion for Reconsideration (Doc. 50) is **DENIED**.

    **SO ORDERED**, this 24th day of March, 2021.

                                                                 S/ Marc T. Treadwell
                                                                 MARC T. TREADWELL, CHIEF JUDGE
                                                                 UNITED STATES DISTRICT COURT